IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ERWIN EDWARDS, SR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 90-0145-WS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

This matter comes before the Court on petitioner Erwin Edwards, Sr.'s Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (doc. 111).

As grounds for his Motion, Edwards relies on Amendment 782 to the United States Sentencing Guidelines. Petitioner is correct that this amendment generally revised the Drug Quantity Table found at U.S.S.G. § 2D1.1(c) and retroactively reduced the penalties for certain controlled substance offenses. However, Amendment 782 does not benefit Edwards because it does not reduce his calculated sentencing guideline range. The court file reflects that, after a jury trial in 1991, Edwards was convicted of one count of conspiracy to possess with intent to distribute cocaine and crack cocaine. At sentencing, Edwards was held accountable for 3.24 kilograms of crack cocaine, which at that time equated to a base offense level of 38, pursuant to U.S.S.G. § 2D1.1(c)(3). Factoring in a three-level enhancement for role in the offense, Edwards' total offense level was found to be 41. In light of his criminal history category of VI, Edwards' guideline range at sentencing was fixed at 360 months to life.

Amendment 782 does not alter the relevant guideline calculations. To be sure, the amendment retroactively reduced the base offense level for offenses involving at least 2.8 kilograms but less than 8.4 kilograms of crack cocaine to 34; thus, Edwards' base offense level for the offense of conviction is now 34, not 38. After adding the three-level enhancement for role in the offense (yielding a total offense level of 37) and utilizing Edwards' criminal history category of VI, however, the amended guideline range remains 360 months to life. Thus,

Amendment 782 has no effect on Edwards' guideline range.  It is well settled that no sentence reduction under § 3582(c)(2) is permissible for a guidelines amendment that does not actually lower a defendant's guideline range.  *See, e.g., United States v. Hippolyte*, 712 F.3d 535, 542 (11th Cir. 2013) ("Section 3582(c)(2) does not authorize a sentence reduction if a guidelines amendment does not have the effect of reducing the defendant's sentence."); *United States v. Glover*, 686 F.3d 1203, 1206 (11th Cir. 2012) ("a court cannot use an amendment to reduce a sentence in a particular case unless that amendment actually lowers the guidelines range in that case").[1]

For the foregoing reasons, Edwards' Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (doc. 111) is **denied**.

DONE and ORDERED this 9th day of August 2018.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[1] In arguing otherwise in his Motion, Edwards would unilaterally reduce his criminal history category from VI to V, without explanation.  (Doc. 111, at 3 ("Petitioner's amended total offense level would be at a level 37, with a Criminal History Category of V.  That in turn, would mean that his advisory sentencing guideline range would be 324-405 months imprisonment.").)  When considering a motion to reduce sentence based on a retroactive guideline amendment, courts must leave all other original guideline decisions unchanged.  *See, e.g., United States v. Webb*, 565 F.3d 789, 793 (11th Cir. 2009) ("When a district court decides whether to reduce a sentence under § 3582(c)(2), it first has to recalculate the sentence based on the amended guidelines. … In so doing, all original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing.") (citations and internal marks omitted); *United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000) ("[O]nly the amended guideline is changed.  All other guideline application decisions made during the original sentencing remain intact.") (citations omitted).  The criminal history category of VI must be used in calculating Edwards' amended guideline range because that category was used in calculating his original guideline range at the time of sentencing.