IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 90-0145-WS |
| | ) |
| | ) |
| ERWIN EDWARDS, SR., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the Court on defendant Erwin Edwards, Sr.'s Emergency Motion to Reduce Sentence Pursuant to the Compassionate Release Statute (doc. 130) and Edwards' ensuing Motion for Order of Release Following Full Remand (doc. 141). When Edwards (acting by and through counsel) filed his Emergency Motion to Reduce Sentence, he had a pending appeal before the Eleventh Circuit Court of Appeals relating to the Order (docs. 118 & 119) entered on May 22, 2019, reducing his sentence from life to 480 months pursuant to the First Step Act. In light of that pending appeal, this Court lacked authority to grant Edwards' Emergency Motion when it was originally filed. *See, e.g., Shewchun v. United States*, 797 F.2d 941, 942 (11th Cir. 1986). However, upon careful consideration of the parties' briefs, the undersigned entered an Order on June 25, 2020 stating as follows: "[T]he Court hereby provides an indicative ruling pursuant to Rule 37(a)(3), Fed.R.Crim.P., that it would grant Edwards' Emergency Motion to Reduce Sentence Pursuant to the Compassionate Release Statute if the Eleventh Circuit remands for that purpose." (Doc. 139).

On October 14, 2020, the Eleventh Circuit entered an order granting Edwards' unopposed motion for remand, and remanded this matter in full to this District Court. (Doc. 140.) As such, this Court now has jurisdiction to grant relief on Edwards' Emergency Motion to Reduce Sentence. On that basis, Edwards filed his Motion for Order of Release on October 16, 2020.

In 1991, Edwards was convicted following a jury trial of one count of conspiracy to possess with intent to distribute cocaine and crack cocaine, in violation of 21 U.S.C. § 846. The life sentence initially imposed by Judge Butler was reduced by this Court via Order (docs. 118 &

119) entered on May 22, 2019, to a sentence of 480 months pursuant to the First Step Act. Edwards has now served 29 years and 9+ months of that sentence, which he continues to serve today at USP McCreary, with a projected release date of March 20, 2025.

Edwards is one of numerous defendants who has petitioned this Court for compassionate release or modification of sentence based on the effects of the COVID-19 pandemic.  In his Motion to Reduce Sentence, Edwards invokes 18 U.S.C. § 3582(c)(1)(A)(i), as amended by § 603 of the First Step Act enacted in December 2018.  That section allows a defendant to petition the Court directly for reduction of a term of imprisonment for "extraordinary and compelling reasons," without a motion by the Director of the Bureau of Prisons ("BOP"), but only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  § 3582(c)(1)(A). Edwards properly alleges that he satisfied the exhaustion requirement via a compassionate release request directed to his Case Manager on April 21, 2020, to which the Warden of USP McCreary apparently never responded.  (Doc. 130, PageID.2364.)  The Government does not contest these facts.[1]  Under the circumstances, Edwards is authorized by the amended version of the statute to request judicial modification of his term of imprisonment on the ground that "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A)(i).

The statute is clear that any such reduction of a sentence for "extraordinary and compelling reasons" must be "consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  The Sentencing Commission's applicable policy statement, set forth at Application Note 1 to the Commentary of § 1B1.13 of the Federal Sentencing Guidelines, defines "extraordinary and compelling reasons" justifying sentence reduction as including (i) the defendant's serious medical condition diminishing his ability to provide self-care within the environment of a correctional facility; (ii) the advanced age of the defendant; (iii) family circumstances such as death or incapacitation of the caregiver of the

---

[1] In its Response, the Government merely recites Edwards' allegations as to the exhaustion requirement and states, "Giving Edwards the benefit of the doubt that these assertions suffice to demonstrate that he pursued the administrative process, this Court should deny his motion on the merits." (Doc. 134, PageID.2438.)  The Court therefore proceeds to a merits analysis of Edwards' request for compassionate release.

defendant's minor children; and (iv) other reasons "[a]s determined by the Director of the Bureau of Prisons." *Id.* Edwards' Motion directly implicates and satisfies the second category of extraordinary and compelling reasons as delineated in the Sentencing Commission's policy statement.²

Although other subsections might arguably apply, the most straightforward means of demonstrating the existence of extraordinary and compelling reasons for compassionate release in Edwards' case is to apply Application Note 1(B) of the Commentary of § 1B1.13 of the Sentencing Guidelines. In that subsection, the Sentencing Commission promulgated a policy statement that extraordinary and compelling reasons for modification of sentence may exist where "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his term of imprisonment, whichever is less." U.S.S.G. § 1B1.13, App. Note 1(B). Edwards meets all of these criteria, inasmuch as the information presented to this Court reflects that Edwards (i) is 82 years old; (ii) suffers from significant age-related health conditions, including chronic lung disease and hypertension; and (iii) has served well over 10 years of the total imposed term of imprisonment. On these particular facts, the Court is satisfied that Edwards has made a showing of "extraordinary and compelling reasons" supporting compassionate release within the meaning of 18 U.S.C. § 3582(c)(1)(A)(i).³

---

²       It also bears noting that even if this Court were to find that extraordinary and compelling reasons for sentence reduction do not exist at this time, Edwards would become eligible for compassionate release in less than three months. This is because 18 U.S.C. § 3582(c) authorizes sentence modification even in the absence of extraordinary and compelling reasons, where "the defendant is at least 70 years of age, has served at least 30 years in prison … for the offense or offenses for which the defendant is currently imprisoned," and the BOP has determined the defendant is not a danger to the safety of any other person or the community. 18 U.S.C. § 3582(c)(1)(A)(ii). Edwards would reach the 30-year mark on or about January 16, 2021.

³       In opposing Edwards' motion for compassionate release, the Government appears to quarrel with whether his age-related medical conditions diminish his ability to provide self-care in the environment of a correctional facility. (Doc. 134, PageID.2440.) However, that is not the "extraordinary and compelling reason" under which this Court is travelling. Again, the applicable Sentencing Commission policy statement identifies as <u>alternative</u> circumstances authorizing compassionate release the following: (i) the defendant is "experiencing deteriorating physical or mental health because of the aging process … that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility" (U.S.S.G. (Continued)

Of course, even where a defendant has properly brought a Motion for Compassionate Release, and even where the defendant has made the requisite showing of extraordinary and compelling reasons, the Court may reduce the term of imprisonment only "after considering the factors set forth in section 3553(a) to the extent they are applicable." 18 U.S.C. § 3582(c)(1)(A). The undersigned has considered all of those factors here, including among others the nature and circumstances of the offense and the history and characteristics of the defendant. The Court recognizes the seriousness of the underlying offense conduct, as well as Edwards' extensive prior criminal history, all as documented in the Presentence Investigation Report and as reflected in the length of sentence selected by Judge Butler in 1991. However, the Court also recognizes that at present, Edwards is 82 years old, his health is failing, he has served nearly 30 years of his sentence in this case, and his medical conditions collectively place him at a heightened risk of contracting COVID-19 in the environment of a correctional facility, despite the BOP's well-documented efforts to prevent and control coronavirus transmissions at USP McCreary and other federal correctional institutions. It also bears noting that BOP updates reflect there are presently 8 active cases of COVID-19 among the inmate population at the facility where Edwards is housed. Taking into account all of these considerations, the Court finds that reduction in Edwards' sentence for compassionate release purposes is warranted pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018.

Accordingly, and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the U.S. Sentencing Commission, Erwin Edwards, Sr.'s Emergency Motion to Reduce Sentence Pursuant to the Compassionate Release Statute (doc. 130) his Motion for Order of Release Following Full Remand (doc. 141) are both **GRANTED**. His previously imposed sentence of imprisonment of 480 months is reduced to **TIME SERVED**, subject to the following provisions:

---

§ 1B1.13, App. Note 1(A)(ii)); and (ii) the defendant is at least 65 years old, has served at least 10 years of his sentence, and "is experiencing serious deterioration in physical or mental health because of the aging process" (U.S.S.G. § 1B1.13, App. Note 1(B)). The Government's argument about Edwards' ability to function in a prison setting might resonate in a 1(A)(ii) analysis; however, this Court is reviewing Edwards' Motion under a 1(B) analysis. On this record, it is beyond reasonable dispute that Edwards "is experiencing serious deterioration in physical or mental health because of the aging process." The Government has not shown that anything more is necessary as to Edwards' medical status for him to be eligible for relief under that category.

-5-

1. This Order is **stayed** for up to 14 days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than 14 days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the Court and show cause why the stay should be extended;
2. The defendant must provide the complete address where he will reside upon release to the Probation Office in the district where he will be released because it was not included in the motion for sentence reduction; and
3. The defendant's previously imposed conditions of supervised release are unchanged.

DONE and ORDERED this 20th day of October, 2020.

s/ WILLIAM H. STEELE  
UNITED STATES DISTRICT JUDGE